UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM GENTRY FRISKE,

        Plaintiff,

                              Case No. 1:06-cv-648

v.

                              Hon. Wendell A. Miles

STATE OF MICHIGAN,

        Defendant.

_____/

OPINION AND ORDER

        This matter is before the court on Plaintiff William Gentry Friske's Motion for Reconsideration of the court's October 31, 2006 Judgment dismissing his action for failure to state a claim upon which relief may be granted.

        When bringing a motion for reconsideration, under Rule 7.4(a) a plaintiff must demonstrate that the court's order suffers from a palpable defect, and must "also show that a different disposition of the case must result from a correction thereof."  W.D. Mich. L.Civ.R. 7.4(a).  In his complaint for declaratory judgment, Plaintiff claimed that he was convicted under a Michigan statute which was passed in violation of the Michigan Constitution.  The court found that Plaintiff failed to allege a valid basis for this court's jurisdiction because the Declaratory Judgment Act does not provide an independent source of federal jurisdiction; that he could not invoke the court's jurisdiction under 42 U.S.C. § 1983 because that statute does not provide a remedy for a state law violation; and finally, that states and their departments enjoy immunity from suit in federal court under the Eleventh Amendment.

        Plaintiff has offered no evidence or competent argument to support a finding that the

Declaratory Judgment Act may serve as a basis for this court's jurisdiction. Plaintiff fails to clarify any of his previous allegations or allege new facts that would, if proven, establish a violation of a federal right. Apparently in response to the Eleventh Amendment bar, Plaintiff does attempt to add the Governor as a defendant in this case, presumably under the doctrine of Ex Parte Young, 209 U.S. 123 (1908), which holds that suits against state officials in their official capacity for prospective relief are permissible. However, naming the Governor as a defendant in this action does not cure (1) the lack of jurisdiction nor (2) that a violation of a state constitution is not cognizable under section 1983. If Plaintiff has a meritorious claim, which the court is not deciding, his remedy lies in state court. Accordingly, Plaintiff has not shown a palpable defect in the Judgment under reconsideration, and his motion must be denied. Therefore,

    Plaintiff's Motion for Reconsideration (docket #18) is DENIED.

So ordered this 5th day of April, 2007.

                                                /s/ Wendell A. Miles
                                                Wendell A. Miles
                                                Senior U.S. District Judge